MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Aine Ahmed
Assistant United States Attorney
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

           vs.

JAMES TERRY HENRIKSON, a/k/a
James Henrickson,
a/k/a Cole Johnson,
a/k/a James Vanderbilt;
TIMOTHY EUGENE SUCKOW;
TODD DAVID BATES;
ROBERT ANDREW DELAO;
LAZARO TOMAS PESINA; and
ROBBY JOE WAHRER,

                    Defendants.

|  |
|---|
| 14-CR-124-SMJ-1 |
| 14-CR-124-SMJ-2 |
| 14-CR-124-SMJ-3 |
| 14-CR-124-SMJ-4 |
| 14-CR-124-SMJ-5 |
| 14-CR-124-SMJ-6 |

United States' Motion in Limine

With Oral Argument
July 21, 2015 – 10:00 a.m.

        Plaintiff, United States of America, by and through Michael C. Ormsby, United

States Attorney, for the Eastern District of Washington, and Aine Ahmed and Joseph

H. Harrington, Assistant United States Attorneys for the Eastern District of

Washington, respectfully submits the following Motion in Limine.

United States' Motion in Limine - 1
P50623dd.AAG

The United States seeks to admit the following evidence. The United States seeks to offer the testimony of Erik Guerrero, who is expected to testify that in and around December 2013, he was asked by Defendant HENRIKSON to kill ROBERT DELAO, Sara Creveling (the then wife of Defendant HENRIKSON), and Tex Hall. The motive for the request was to kill witnesses that may testify against Defendant HENRIKSON.  The Defendant also stole approximately $500,000 from Tex Hall, and after Mr. Hall discovered the theft, he confronted both the Defendant and Ms. Creveling about the missing money.  Co-Defendant ROBERT DELAO has admitted stealing several checks from Tex Hall's office at the request of Defendant HENRIKSON.

This evidence is relevant under Rule 403, and is inextricably tied to the Defendant's course of conduct as charged in the Indictment.  *See United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013) ("'Other Act' evidence that is 'inextricably intertwined' with a charged offense is independently admissible and is exempt from the requirements of Rule 404(b).") (internal quotations and citations omitted); *United States v. Ramirez-Jiminez*, 967 F.2d, 1321, 1327 (9th Cir. 1992) (evidence not excludable under Rule 403 where it "is not the sort of conduct which would provoke a strong and unfairly prejudicial emotional response from the jury. Rather, it is prejudicial only to the extent that it tends to prove the fact justifying its admission."); *see also United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999) (defining "inextricably intertwined" evidence as that which enables "the prosecutor to

United States' Motion in Limine - 2

P50623dd.AAG

offer a coherent and comprehensible story regarding the commission of the crime," and which gives "the context in which the charged crime occurred."); *United States v. DeGeorge*, 380 F.3d 1203, 1219 (9th Cir. 2004) (recognizing that when the court determines that evidence is admissible under Rule 404(b), it then conducts a Rule 403 balancing test); *United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998) (government not precluded from introducing evidence relevant to entire conspiracy or scheme simply because a defendant is indicted for less than all of their actions).

This evidence is also admissible under Federal Rule 404(b), and is highly relevant as it is close in time to the charged events, is similar to the charged crimes, goes directly to the Defendant's intent, and not offered to show propensity. *See United States v. Beckham*, 298 F.3d 788, 794 (9th Cir. 2002); *see also Rrapi,* 175 F.3d. at 748 (Rule 404(b) is a rule of "inclusion," and "unless the evidence of other crimes tends **only** to prove propensity, it is admissible.") (emphasis added); *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013).  This offered evidence thus far has not been charged because Mr. Guerrero has not been cooperative with law enforcement but has admitted to at least two witnesses that the request was made by Defendant HENRIKSON.  Both of these witnesses have shared this information with

United States' Motion in Limine - 3
P50623dd.AAG

law enforcement, and their statements have been provided in discovery.  Assuming Mr. Guerrero testifies, this evidence should be admissible.

Dated:  June 23, 2015.

MICHAEL C. ORSMBY
United States Attorney

*s/ Aine Ahmed*
Aine Ahmed
Assistant United States Attorney

Joseph H. Harrington
Assistant United States Attorney

United States' Motion in Limine - 4
P50623dd.AAG

# CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark E. Vovos
Attorney at Law
1309 West Dean, Suite 100
Spokane, Washington 99201

Todd Jeffrey Maybrown
Allen Hansen & Maybrown
3020 One Union Square
600 University Street
Seattle, Washington 98101

Roger Peven
Attorney at Law
1403 West Broadway
Spokane, Washington 99201

Douglas Phelps
Katharine Allison
Phelps & Associates
2903 North Stout Road
Spokane, Washington 99206

Andrea George
Federal Defenders of Eastern Washington & Idaho
10 North Post, Suite 700
Spokane, Washington 99201

John Perry
Attorney at Law
1309 W. Dean Avenue, Suite 101
Spokane, Washington 99201

United States' Motion in Limine - 5
P50623dd.AAG

Christian J. Phelps
Law Offices of Christian J. Phelps
921 West Broadway, Suite 201
Spokane, Washington 99201

*s/ Aine Ahmed*
Aine Ahmed
Assistant United States Attorney

United States' Motion in Limine - 6
P50623dd.AAG